## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES T. SNYDER,

        Plaintiff,

        v.

VILLAGE OF MIDLOTHIAN, and STEVEN
ZAMIAR, individually and in his official capacity
as Deputy Police Chief of the Village of
Midlothian Police Department,

        Defendants.

No. 14 C 2357
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff James T. Snyder has brought this action against the Village of Midlothian ("the Village") and Steven Zamiar, individually and in his official capacity as Deputy Police Chief of the Village of Midlothian Police Department, for common law assault, battery, and intentional infliction of emotional distress, and under 42 U.S.C. § 1983 for violation of his constitutional rights under the Fourth and Fourteenth Amendments. Defendants have moved for dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff alleges that in the early morning hours of November 24, 2011, Defendant Steven Zamiar, then the Deputy Police Chief of the Village of Midlothian, beat Plaintiff with an ASP baton roughly 12 to 15 times without provocation. Plaintiff was then taken into custody and charged with aggravated assault and resisting a police officer. Those charges were subsequently dropped.

On November 20, 2013, Plaintiff filed a six-count complaint in the Circuit Court of Cook County, Illinois, for assault, battery, and intentional infliction of emotional distress against Zamiar in his individual and official capacities, as well as the Village. Defendants moved to dismiss for Plaintiff's failure to bring his claims within the applicable statute of limitations. With leave of the court, Plaintiff filed an amended complaint adding two counts against Zamiar and the Village under 42 U.S.C. § 1983 for deprivation of rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution. The case was removed to federal court on April 2, 2014, and Defendants now move for dismissal under Rule 12(b)(6) based on the applicable statute of limitations.[1]

## DISCUSSION

### I. Standard of Review

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court treats all well-pled allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual

---

[1] On December 3, 2013, the United States brought a two-count criminal indictment against Zamiar under 18 U.S.C. § 242 alleging violation of civil rights through the use of excessive force while acting under the color of law as a Village of Midlothian police officer. The events of November 24, 2011, alleged in this case by Plaintiff, form the basis for Count II of that criminal matter.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## II.    Plaintiff's Original Complaint Was Not Timely

Plaintiff's original complaint of November 20, 2013, articulated six state common law counts against Zamiar and the Village.  The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("TIA") provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILL. COMP. STAT. ANN. 10/8-101(a) (West 2014).  The Village of Midlothian was clearly a "local public entity" and thus was covered by the TIA.  *See* 745 ILL. COMP. STAT. ANN. 10/1-206 (West 2014) ("'Local public entity' includes a . . . municipality [or] municipal corporation"); 65 ILL. COMP. STAT. ANN. 5/1-1-2(1) (West 2014) ("'Municipal' or 'municipality' means a city, village, or incorporated town in the State of Illinois").  Since the original complaint was filed one year and 361 days after the alleged incident, the three counts against the Village were clearly time-barred.

Further, the TIA's one-year statute of limitations applied equally to Zamiar, even if Plaintiff was bringing his claims against Zamiar "individually."  Under the TIA, the one-year statute of limitations applies to "public employee[s] acting within the scope of their employment."  *Racich v. Anderson*, 241 Ill. App. 3d 336, 337-40 (3d Dist. 1993).  *See also Wright v. Village of Calumet Park*, No. 09-cv-3455, 2009 WL 4545191, *2 (N.D. Ill. Dec. 2, 2009) ("[plaintiff's] claims cannot be saved by virtue of having also been brought against the officers 'individually'"); *Crockett v. City of Northlake*, No. 00 C 4542, 2002 WL 31236085, *14 (N.D. Ill. Oct. 1, 2002) (barring claims against defendant police officers sued individually under

the TIA's one-year limit because they were "acting in their role as police officers and performing their regular duties, such as handcuffing an arrestee, removing the cuffs, incarcerating the arrestee, and transporting the arrestee, once injured, out of the jail").

Illinois law in this regard is quite clear and Plaintiff offers no case law for his position that suing a public official in his individual capacity makes a claim survive the strictures of the TIA's one-year limitation. In any case, Plaintiff himself states in the original complaint that "[a]t all relevant times herein, ZAMIAR was acting within the scope of his employment as Deputy Police Chief and under the color of law." Compl. ¶ 5. As such, TIA's one-year statute of limitations applies to all six state common law counts in the original complaint. The original complaint was not timely filed.

### III.     Statute of Limitations Applicable to the § 1983 Claims in the Amended Complaint

I agree with Defendant that Plaintiff's amended complaint containing the § 1983 claims was filed outside the two-year statute of limitations. While § 1983 does not expressly provide for a time limit within which a claim may be brought, the United States Supreme Court has looked to the law of the state in which the cause of action arose, using that state's general statute of limitations for personal injury torts. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). In Illinois, that limit is two years. *See Williams v. Lampe*, 399 F.3d 867 (7th Cir. 2005); *see also* 735 ILL. COMP. STAT. ANN. 5/13-202 (West 2014).

Plaintiff asserts that the uniform four-year federal statute of limitations under 28 U.S.C. § 1658(a) applies to these § 1983, but I do not agree. Section 1658(a) provides, in pertinent part, that "a civil action arising under an Act of Congress enacted after the date of the enactment of

this section may not be commenced later than 4 years after the cause of action accrues."[2]

Relying on *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), Plaintiff argues that a

1996 amendment to § 1983 brings it within the reach of §1658(a), and a four-year statute of

limitations therefore applies.

This argument is neither supported by *Jones* nor Seventh Circuit precedent. Plaintiff is

correct that "[a]n amendment to an existing statute is no less an 'Act of Congress' than a new,

stand-alone statute." *Jones*, 541 U.S. at 381. Still, the civil action must "arise under" that

amendment. In *Jones*, the Supreme Court applied § 1658(a) to a § 1981 claim because that civil

action actually arose under the subsections added by a 1991 amendment. In contrast, the 1996

amendment to § 1983, which added a limited exception for actions against a judicial officer

acting in a judicial capacity,[3] did not create a cause of action under which Plaintiff now brings

his claims. In fact, the issue has long been settled in the Seventh Circuit, which recently re-

confirmed its stance that "in general, § 1983 actions continue to be governed by the forum state's

personal-injury statute of limitations, rather than § 1658's four-year statute of limitations."

*Campbell v. Forest Preserve Dist. of Cook County, Ill.*, 752 F.3d 665, 668 (7th Cir. 2014); *see

also Williams*, 399 F.3d at 870; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001);

*Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

The events giving rise to this cause of action occurred on November 24, 2011, and

Plaintiff did not bring his § 1983 claims until he filed his amended complaint on March 6, 2014.

Without the benefit of relating back to the original complaint (discussed in Section V, *infra*),

Plaintiff's amended complaint was not timely.

---

[2] 28 U.S.C. § 1658 was enacted on December 1, 1990.

[3] The entire text added in the 1996 amendment reads as follows: ". . . except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . ."

**IV.     Plaintiff Did Not Properly Plead a Violation of § 1983 in the Original Complaint**

In addition to arguing that the § 1983 claim in his amended complaint was timely filed,

Plaintiff argues, in the alternative, that the § 1983 claim was in fact properly pled in the original

complaint.  Were that so, the original complaint would have been timely filed, at least as to the

§ 1983 claim.  In order to state a cause of action under § 1983, a plaintiff must allege that

(1) some person has deprived him of a federal right and (2) the person who deprived him of that

right acted under the color of state or territorial law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff argues that the § 1983 claim was properly pled in the original complaint, despite the fact

that the complaint did not explicitly state a violation of a constitutional right.  The Seventh

Circuit appears to have rejected a similar argument in *Henderson v. Bolanda*, 253 F.3d 928, 931

(7th Cir. 2001).

In *Henderson*, a plaintiff alleged that three police officers attacked and arrested him.

Roughly one year and nine months after the incident, he brought several state law claims, but no

§ 1983 claims, against the officers and the municipality.  When the defendants moved to dismiss

based on the TIA's one-year limit, the plaintiff filed an amended complaint replacing the state

claims with § 1983 claims.  The amended complaint was filed more than two years after the

alleged attack, so after removing to federal court, Defendants moved to dismiss again.  The

district court granted the motion.

Before the district court and on appeal, the plaintiff argued that his original complaint

was timely filed because, although it did not expressly claim a § 1983 violation, it contained

sufficient factual allegations to adequately state a § 1983 claim, and § 1983 claims carried a two-

year statute of limitations.  The district court rejected that argument, and the Seventh Circuit

affirmed.  *Henderson*, 253 F.3d at 932 n. 3; *Henderson v. Village of Dixmoor*, 99 F.Supp.2d 940,

944-45 (N.D.Ill. 2000). The Seventh Circuit allowed that the original complaint alleged sufficient facts such that the defendants might have reasonably expected an amended complaint to include a federal claim. *Henderson*, 253 F.3d at 932 n. 3. But the fact that the original complaint did not expressly contain a federal claim was dispositive – the Court concluded that a § 1983 claim was not brought in the original complaint, and the original complaint did not then get the benefit of the two-year statute of limitations for § 1983 claims. *Id.*

As Defendants correctly point out, the facts in *Henderson* are very similar to this case. Plaintiff pled violations of state law in his original complaint, but nowhere did he expressly allege a deprivation of a federal constitutional right. It is true that Plaintiff alleged that, "[a]t all relevant times herein, Zamiar was acting within the scope of his employment as Deputy Police Chief and under the color of law." Compl. ¶ 5. And, "without provocation or cause, Zamiar began to viciously beat Snyder about the head, neck, and back with his ASP baton." Compl. ¶ 8. But while such allegations may well have been adequate to lead Defendants to reasonably expect an amended complaint containing a § 1983 claim, the original complaint itself did not expressly contain one. *See Henderson*, 253 F.3d at 932 n. 3.

Under *Henderson*, the original complaint, standing on its own, is subject to the one-year statute of limitations under the TIA, not the two-year statute of limitations for § 1983 claims.

**V.     Relation Back**

That Plaintiff sufficiently pled a § 1983 claim in his amended complaint is not in dispute. That the amended complaint was filed outside of the two-year limitations period for § 1983 claims in Illinois also is not in dispute. Plaintiff argues that his amended complaint relates back to his original complaint under Fed.R.Civ.P. 15(c)(1)(B), and that his original complaint was filed within the two-year limitations period, even if it was both untimely as to his state tort

claims and did not expressly claim a § 1983 violation.

Rule 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." It follows that implicit in this rule is the requirement that the claim asserted in the amendment, although untimely as of the date of the amended filing, must have been timely as of the date of the original pleading in order to get the benefit of the Rule. *See, e.g., Benjamin v. Katten, Muchin & Zavis*, 1998 WL 25757 *4 (N.D.Ill., Jan.12, 1998).

Here, the claim asserted by the amendment is a § 1983 violation. The conduct or occurrence set out in the original pleading and out of which Plaintiff asserts this claim arises is, essentially, that "without provocation or cause, Zamiar began to viciously beat Snyder about the head, neck, and back with his ASP baton." Compl. ¶ 8. And, "[a]t all relevant times herein, Zamiar was acting within the scope of his employment as Deputy Police Chief and under the color of law." Compl. ¶ 5. At the time of the original filing, a § 1983 claim would have been timely.

Once again, Plaintiff's difficulty begins and ends with *Henderson*, where the Seventh Circuit appears to have rejected a very similar argument. In *Henderson*, the plaintiff similarly argued that his amended complaint survived the statute of limitations because it related back to his original complaint. *See Henderson*, 253 F.3d at 931; *see also* Fed.R.Civ.P. 15(c).

The original complaint in *Henderson* contained factual allegations of malicious prosecution, false arrest and the use of excessive force, which, as the plaintiff argued, gives rise to constitutional violations that are actionable under § 1983. And, again, the Seventh Circuit acknowledged that "based on the facts alleged [in the original complaint], the defendants might

have reasonably expected an amendment to include a federal claim," *Henderson*, 253 F.3d at 932, n. 3. Crucially, the original complaint was filed within the limitations period for § 1983 claims.

But the Seventh Circuit began its analysis by asserting that "an amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *Henderson*, 253 F.3d at 931. The Court then noted that the plaintiff's original complaint, in which only state tort claims were expressly alleged, was not timely because it was filed outside of the one-year statute of limitations for tort claims against a municipality or one of its employees in Illinois. *Id*. at 931-32. Because the original complaint was not itself timely, the Court concluded, the plaintiff's amended complaint could not relate back to it. *Id*. at 932.

One might argue that was a rather incongruous approach to Rule 15(c). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 n. 3 (1984); 3 J. Moore, Moore's Federal Practice ¶ 15.15[3], p. 15–194 (1984). That notice, of course, must come within the relevant limitations period. In the case of § 1983 claims in Illinois, that is two years.

Adhering to Rule 15(c)'s requirement that the new claim asserted by the amendment arose out of the conduct, transaction, or occurrence set out in the original complaint ensures that the original complaint provided the defendant with sufficient notice of the new claim. Adhering to the tacit requirement that the original complaint must provide that notice within the new claim's limitations period ensures that the defendant received the notice within the time period by which he or she was entitled to receive it.

With that in mind, it is arguable that permitting relation back under the circumstances in *Henderson* or the instant case would not be inconsistent with the ends of Rule 15(c). The original complaints in both cases did give the respective defendants notice of potential § 1983 claims. *See Henderson*, 253 F.3d at 932, n. 3. And that notice was provided within the two-year limitations period.

An additional factor in *Henderson* and the instant case was found dispositive: both original complaints were facially time-barred because the limitations period for the only claims expressly alleged in the complaints had run. Still, both plaintiffs were granted leave to file amended complaints. And, as to the claims later expressly alleged in the amended complaints, both original complaints provided the defendants with the notice to which they were entitled, prior to the date by which they were entitled to it. It is arguable that the fact that these original complaints were facially time-barred does not undermine the extent to which they satisfy the requirements of Rule 15(c). The notice provided by the facts they alleged was no less clear, and the date by which the notice was provided was no less timely.

In *Henderson*, the Court quoted an American Jurisprudence article for the proposition that "[a]n amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *Henderson*, 253 F.3d at 931 (citing 51 Am.Jur.2d *Limitation of Actions* § 263 (2000)).[4] That language is somewhat ambiguous as to which statute of limitations is being contemplated. If the assertion is understood to be referring to the statute of limitations of the claim raised in the amended complaint, then it is consistent with the aims of Rule 15(c). A defendant is entitled to notice of any given claim and is entitled to receive that notice before the expiration of the statute of limitations for that claim.

---

[4] The article may now be found at 51 Am. Jur. 2d Limitation of Actions § 241.

For example, in *Benjamin*, 1998 WL 25757 at *4, cited by *Henderson*, the claim brought in the amended complaint was time-barred as of the date of the original complaint. The reason the amended complaint could not relate back was that the claim it brought carried a statute of limitations that expired almost one year before the *original* complaint was filed. If the original complaint was itself filed after the expiration of the statute of limitations of the new claim brought in the amended complaint, the notice of the new claim purportedly imparted by the original complaint came too late.

The *Benjamin* Court noted, "[i]mplicit in [Rule 15(c)] is the requirement that the original complaint be filed within the applicable statute of limitations period." *Henderson*, 253 F.3d at 932 (citing *Benjamin*, 1998 WL 25757 at *4). One could think the "applicable" statute of limitations period is the one tied to the claim brought in the amended complaint, not the limitations period tied to an incidental claim in the original complaint. What is relevant is whether the defendant received notice within the limitations period to which he or she is entitled as a result of the claim that is actually being brought. In the case of § 1983 claims in Illinois, a defendant is entitled to notice within two years of the violation, not one year.

The complaints in *Henderson* and the instant case satisfied that timeliness requirement. The new claims brought in both amended complaints were § 1983 violations, and the original complaints gave notice of the § 1983 claims before the expiration of the two-year statute of limitations for § 1983 claims in Illinois.

The Court of Appeals in *Henderson*, by contrast, understood the assertion to be referring to the statute of limitations for the claim(s) expressly pled in the original complaint. Under this view, whether an amended complaint is permitted to relate back to a prior complaint turns on the timeliness of the other claims brought in the earlier complaint. Yet the plaintiff is not seeking to

save *those* claims in the amended complaint.

This approach mandates that the defendant receive Rule 15(c) notice of the claim brought in the amended complaint prior to the expiration of *another* claim's statute of limitations – that is, prior to the expiration of the claims expressly pled in the original complaint. But that effectively applies the incorrect statute of limitations to the claim raised in the amended complaint. *Henderson* and this case illustrate that the limitations period for a claim brought in an amended complaint may expire much later than the limitations period for a claim brought in the original complaint.

The American Jurisprudence article itself relies on only a single district court case from the Southern District of California in support of the proposition. *See Papenthien v. Papenthien*, 16 F.Supp.2d 1235 (S.D.Cal. 1998). *Papenthien* involved a particularly convoluted fact pattern,[5] and seems an odd foundation for reading so substantial an additional requirement into Rule 15(c).

---

[5] On February 25, 1994 Plaintiff Barbara Papenthien filed a complaint in the Southern District of California against her husband, Michael Papenthien, for assault, battery and other abuse. Though the parties once lived together in California, they later divorced, and at the time of filing, the plaintiff lived in New York and the defendant lived in Illinois. Federal jurisdiction was founded on diversity.

The single incident alleged in the complaint occurred in Hong Kong on February 25, 1993 at 1:30 in the morning. Because neither party resided in California any longer, the defendant moved to dismiss for improper venue. That motion was granted.

On November 4, 1994 the plaintiff filed an amended complaint alleging additional incidents of abuse. Most took place in California prior to the Hong Kong incident, but, importantly, one took place in New York in July 1993, several months after the Hong Kong incident. The defendant again moved to dismiss for improper venue, arguing that the claim carried a one-year statute of limitations, and that the incidents that would have made venue proper (the California incidents) were time-barred.

The District Court agreed and granted the motion, and the plaintiff appealed. While the appeal was pending, California enacted a three-year statute of limitations for domestic violence claims. Remanding the case, the Ninth Circuit held that the plaintiff's amended complaint could relate back to the original complaint, and also held that the newly-enacted three-year limitations period applied.

On remand, however, the District Court found that "substantially different" evidence had come to light with regard to the timeliness of the original complaint. Although the original complaint did allege that the Hong Kong incident occurred at 1:30 a.m. on February 25, 1993, the Court concluded that evidence for that proposition did not come to light until after the Ninth Circuit remanded the case. Upon taking into account this evidence, the Court noted that an incident occurring at 1:30 a.m. on February 25 in Hong Kong actually occurred on February 24 Pacific Time. Because the incident occurred on February 24, 1993 Pacific Time, and because the complaint was not filed until February 25, 1994, the Court concluded that the original complaint was filed outside of the then-enacted one-year statute of limitations, and was therefore time-barred.

In *Papenthien*, the claim raised in the amended complaint was timely as of the date of the original complaint. Still, Court asserted that, "because the Court holds the Plaintiff did not timely file her original Complaint, the Court holds that the First Amended Complaint does not relate back to the filing of the original Complaint." *Id*. at 1241. Noting that the Court had "uncovered no case with facts similar to those of the case at bar," *id*. at 1240, the Court relied on "guidance" from two sources: the Ninth Circuit's earlier decision in the case (the case was before the district judge on remand), and "common sense."

With respect to the former, the District Court noted language in the Ninth Circuit's decision that "implied" that "the reason Plaintiff's First Amended Complaint was able to relate back was because she timely filed her original Complaint."[6] *Id*. (citing *Papenthien v. Papenthien*, 120 F.3d 1025, 1027 (9th Cir. 1997)). But language in the Ninth Circuit's decision also implied that the reason the amended complaint could relate back was because the claim raised in the amended complaint was timely as of the date of the original filing. *See Papenthien*, 120 F.3d at 1027 ("Appellant's *original* action was filed within one year of [the incident raised in the *amended* complaint] and two years before the expiration of the three-year limitation period specified by § 340.15(a). Her claims are not time-barred.") (emphasis added). In any event, the timeliness of the original complaint as it pertained to the relation back question was ancillary to the issue actually before the Ninth Circuit in *Papenthien*, and accordingly it was not examined closely.

The second source from which the *Papenthien* District Court received guidance was "common sense." "[I]t simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint." *Papenthien*, 16 F.Supp.2d at 1241. *Henderson* referred

---

[6] The Ninth Circuit initially found that the amended complaint could relate back to the original complaint. On remand, however, the District Court found that new evidence indicated that the original complaint was not timely filed, and, as a result, the amended complaint could not relate back to it. *See* note 5, *supra*.

to the original complaint as a "nullity" because it was filed after the expiration of the statute of limitations for the only claims which it expressly contained. *See Henderson*, 253 F.3d at 932 (quoting *Papenthien*'s "dead on arrival" language).

Yet the original complaints in *Papenthien* and *Henderson* were both dismissed without prejudice to refiling. And in the present case, Plaintiff was granted leave of the court to file an amended complaint.[7] Insofar as the original complaints in all three cases brought claims that were time-barred, the complaints may have been dead on arrival, but the actions were clearly alive and well. And the Rule 15(c) notice provided to the respective defendants by the original complaints in each case would be no less effective because the complaints were facially time-barred.

In *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir. 1989), the Court found that an amended complaint related back to an original, ineffective complaint that could be characterized as having been "dead on arrival." There, a complaint bringing only state law employment discrimination claims was ripe for dismissal for failure to exhaust state administrative remedies. The plaintiff then filed an amended complaint adding federal claims under Title VII. The matter was removed to federal court, where the defendant again moved to dismiss, this time because the amended complaint was filed after the expiration of the plaintiff's EEOC right to sue letter.

Because the allegations in the original complaint were sufficient to provide Rule 15(c) notice to the defendant, and because the original complaint was filed within the limitations period prescribed by the right to sue letter, the Court held that the amended complaint related back, and was thus deemed to be timely filed under Rule 15. *Id.*

---

[7] In Illinois, amendments are permitted, not of right, but where "just and reasonable." *See* 735 ILCS 5/2-616. Defendants moved to dismiss the original complaint, and Plaintiff sought leave of the court to file an amended complaint in response. Leave was granted, and Plaintiff filed the amended complaint.

*Donnelly*'s failure to exhaust administrative remedies was a fatal defect in the original complaint. Nevertheless, as in *Henderson* and the instant case, the plaintiff was granted leave to file an amended complaint.[8] In *Donnelly*, however, the Court did not find that the fatal defect in the original complaint disqualified the notice it imparted for purposes of Rule 15(c). One might argue that there is no more reason to disqualify the Rule 15(c) notice imparted by the original complaints in *Henderson* and the instant case.

Here, upon receiving the original complaint, Defendants were "notified of litigation concerning a particular occurrence." *See Baldwin County*, 466 U.S. at 149 n.3. They received that notice prior to the expiration of the statute of limitations for a claim clearly arising out of that occurrence, and later expressly brought in an amended complaint. One could argue that they received "all the notice that statutes of limitations were intended to provide," *see id.*, and the requirements of Rule 15(c) appear to have been satisfied.

*****

Plaintiff may of course raise these arguments on appeal. For present purposes, however, he cannot avoid the conclusion that *Henderson* clearly controls this case. I am constrained by precedent to hold that, because the state tort law claims in the original complaint were not timely filed, the amended complaint raising the § 1983 claim cannot relate back to it. Without the benefit of relation back under Rule 15(c), the amended complaint was not timely filed.

---

[8] In *Donnelly*, while still before the state court, the parties drafted an "agreed order" that dismissed the case with prejudice and continued the motion to file an amended complaint. Concluding that this was senseless, the Seventh Circuit noted that the order should have dismissed the case "without" prejudice and held that it need not adhere to the "literal consequences" of the order on review. In any event, upon removal, the District Court granted the plaintiff leave to file the amended complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: August 7, 2014